<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSEPH KRISKEWIC, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 10-4996 (SRC) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| | : | |
| Defendant. | : | |

<u>**CHESLER, District Judge**</u>

This matter comes before the Court on the appeal by Plaintiff Joseph Kriskewic ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

Plaintiff's appeal brief is very short, containing less than one full page of actual argument, and this Opinion will thus be brief as well. In summary, Plaintiff, who had worked as a carpenter, was diagnosed with rectal cancer in November of 2003, and underwent a colostomy. His date last insured is December 31, 2004. He applied for disability insurance benefits and, ultimately, had a hearing before Administrative Law Judge Michal Lissek (the "ALJ"), who found that Plaintiff had not been disabled through his date last insured.

On appeal, Plaintiff contends that the ALJ's decision is inconsistent and not supported by

substantial evidence.  Plaintiff's brief contains no support whatever for the contention that the ALJ's decision is inconsistent.  Plaintiff's brief also contains no discussion of the ALJ's determination at step five that, while Plaintiff was unable to perform his past work as a carpenter, there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  Plaintiff's brief simply asserts that Plaintiff was unable to perform his past relevant work as a carpenter as of his date last insured.  There is no dispute on that point; the ALJ arrived at the same conclusion.

The only further point that Plaintiff's brief makes is that, subsequent to the date last insured, there were significant medical complications.  This has no relevance to the issues that were before the ALJ.

Plaintiff has failed to demonstrate that the ALJ's decision is not supported by substantial evidence.  This Court finds that the ALJ's determination is supported by substantial evidence.  The decision of the Commissioner that Plaintiff was not disabled within the meaning of the Act is affirmed.

                                                                s/ Stanley R. Chesler
                                                  STANLEY R. CHESLER, U.S.D.J.

Dated: September 1, 2011